TOMÁS SUÁREZ, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN, SECOND SECTION, Respondent.

No. 1018. Submitted February 15, 1938.—Decided March 25, 1938.

*P. Amado Rivera* for appellant. The registrar did not appear.

MR. JUSTICE WOLF delivered the opinion of the Court.

On January 22, 1929, Tomás Suárez Bernal and Susie Partie Johns Kimball were declared to be the sole heirs of Hazel Clair St. Johns. Subsequently, on March 28, 1929, they executed a deed of partition of the inheritance under which Tomás Suárez was adjudicated both the real and per-

sonal property, subject to the payment of the debts of the estate. The latter were expressly set forth in the deed. It was not until October 8, 1936, however, that the deed was finally recorded in the Registry of Property of San Juan, subject to the payment described above.

Under these circumstances, sometime in February, 1938, Suárez applied for a cancellation of the above condition with respect to certain realty in Río Piedras. The basis for his request was that according to Act No. 12 of 1923 (Special Session Laws, p. 36) as amended by Act No. 12 of 1924 (Special Session Laws, p. 108), and following the case of *Hernaiz Targa & Co.* v. *Registrar,* 49 P.R.R. 643, the mention of the lien had prescribed. The registrar denied the cancellation with the following note:

"Cancellation denied of the mention of the debts of the estate of Hazel Clair St. Johns in the amount of $26,212.37, which cancellation is requested in this petition, because the mention was made on the 8th of October, 1936 and the 10-year period fixed by Act No. 19 of 1936 has not yet elapsed, for the term does not begin to run as the petitioner pretends from the date of the execution of the deed (which is of March 28, 1929), but from the date when the mention reached the registry of property, as has been decided by the Hon. Supreme Court in the case of *Velázquez* v. *Registrar,* (ante, page 385). Cautionary notice for 120 days is taken in favor of Tomás Suárez on the margin of inscription 2, property 5776, folio 128, vol. 113 of Río Piedras. San Juan, February 5, 1938."

We have no doubt of the correctness of the Registrar's position. The case of *Hernaiz Targa* v. *Registrar, supra,* is inapplicable on its facts and the opinion excludes the present situation from its judicial scope. There, the original mention of the deferred payments of purchase price took place in 1906, and this Court decided that although the same mention was repeated in 1923, the original date should govern for the purposes of the prescriptive period for its cancellation.

The court said:

"Hence, it is not the case of original mentions entered in 1923 where the law invoked would not be applicable, but of a mention made in 1906, repeated in 1923 by virtue of documents executed in 1907 and in 1913. That being so, it must be concluded that the 20-year period required for the cancellation in accordance with the law has elapsed."

The only *mention* in the case before us now, took place in 1936 when the deed was recorded, and the contention that the date which should be considered is that of the execution of the deed, is untenable. Until the mention appears in the registry no prescription can begin to run for the purpose of its cancellation.

The case of *Jusino Velázquez* v. *Registrar, ante,* page 385, decided that the lien in a case like the present one is a real one which follows the land and cannot be cancelled until ten years have elapsed, and not five as the petitioner contends. This would be another reason in itself for affirming the note of the Registrar.

The note should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.